IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HENDERSON L. HINTON,

    Plaintiff,

v.                              Civil Action No. 5:13CV74
                                            (STAMP)
B. JENKINS, Officer,
ASSOCIATE WARDEN ODOM
and TERRI O'BRIEN, Warden,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND DISMISSING CASE WITHOUT PREJUDICE**

I.  Background

On June 7, 2013, the pro se[1] plaintiff, a federal prisoner incarcerated at USP Hazelton, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The complaint asserts that a staff member at USP Hazelton refused to process his legal mail and then retaliated against him when he brought said refusal to the attention of the warden. Pursuant to Local Rule of Prisoner Litigation 2, this matter was referred to Magistrate David J. Joel for preliminary review and report and recommendation.

Upon preliminary review, Magistrate Judge Joel determined that the plaintiff failed to exhaust his administrative remedies prior

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

to filing this civil action. Accordingly, the magistrate judge entered a report and recommendation recommending that this Court dismiss the plaintiff's complaint without prejudice for failure to exhaust. Magistrate Judge Joel then informed the plaintiff that, if he objected to any portion of the report and recommendation, he must file objections thereto within 14 days of receiving the report and recommendation. The plaintiff did not file timely objections. Thereafter, the plaintiff filed a motion entitled "Motion for Further Proceedings." In this motion, the plaintiff asserts that he has been awaiting a response to his BP-11 form, and has thus, tried to seek a response "at the institutional level" for the matters complained of. The plaintiff asserts that this Court should allow this case to proceed to trial because the defendants are refusing to response to his complaints. For the reasons that follow, this Court affirms and adopts the magistrate judge's report and recommendation and will dismiss this civil action without prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Although the plaintiff failed to file objections to the magistrate judge's report and recommendation, he now asks that this Court not dismiss her case because he has attempted to exhaust his administrative

remedies after the magistrate judge's report and recommendation was entered. This Court will construe the plaintiff's motion for further proceedings that the plaintiff filed following the report and recommendation as objections to the report, and will review the magistrate judge's findings de novo.

III. Discussion

As noted above, Magistrate Judge Joel recommends that this civil action be dismissed because he found that the plaintiff's complaint is barred because he has failed to properly exhaust his administrative remedies as required as a prerequisite to filing this civil action pursuant to 42 U.S.C. § 1997(e)(a). The plaintiff does not contest the magistrate judge's finding that he failed to exhaust his administrative remedies prior to filing this civil action. Rather, he asserts that he has now attempted to exhaust his remedies and the defendants have failed to response; thus, he argues that he should be permitted to proceed with the merits of his claims. Regardless of the current state of the plaintiff's administrative claims, this Court finds that the magistrate judge's recommendation must be adopted, and this case dismissed without prejudice.

The Prisoner Litigation Reform Act ("PLRA") requires that a prisoner filing a Bivens action exhaust all available administrative remedies prior to filing a civil action in federal court. 42 U.S.C. § 1997(e)(a). This administrative remedy

3

exhaustion requirement applies to all civil suits filed by prisoners about any aspect of prison life, regardless of the remedies sought. Booth v. Churner, 532 U.S. 731, 741 (2001). The inmate administrative grievance process provided for by the Bureau of Prisons is fully and adequately outlined by the magistrate judge in his report and recommendation and will not be revisited here. ECF No. 9 *3. However, this Court will note that full and proper exhaustion is a mandatory prerequisite to the filing of a Bivens complaint. Booth, 532 U.S. at 741; Porter v. Nussle, 534 U.S. 516, 524 (2002).

The magistrate judge found that, at the time that the plaintiff filed this civil action, he had asserted that he would file a BP-10 to the Mid Atlantic Region, which made it clear that he did not exhaust his remedies prior to filing his complaint. Thus, his claims must thus be dismissed pursuant to the PLRA. See Anderson v. XYZ Corr. Health Servs, 407 F.3d 674, 682 (4th Cir. 2005) (If the complaint clearly shows that "an inmate has not exhausted [her] administrative remedies . . . sua sponte dismissal" is appropriate.) In further support of his findings, the magistrate judge found that the materials submitted by the plaintiff were received by this Court four days after the actions he complains of occurred, making it also logistically impossible to complete the administrative process prior to filing.

The plaintiff's assertions that he has now attempted to exhaust his administrative remedies, but has not received any response, does not change this result.[2] As noted above, the PLRA mandates that all available administrative remedies be exhausted <u>prior</u> to filing suit, and that failure to do so requires dismissal without prejudice. See Porter, 534 U.S. at 524. Exhaustion during the pendency of a civil action filed before exhaustion was complete also does not allow a plaintiff to avoid dismissal. See Neal v. Goord, 267 F.3d 116, 121-122 (2d Cir. 2001) ("[T]he plain language of § 1997e(a), providing that 'no action shall be brought . . . until such administrative remedies as are available are exhausted,' suggests that exhaustion prior to commencement of a § 1983 action is mandated . . . . Subsequent exhaustion after suit is filed therefore is insufficient." (internal citations omitted)). Finally, as the exhaustion requirements are beyond the discretionary power of this Court, this Court does not have the authority to grant the plaintiff's request to proceed with this action rather than to dismiss it for failure to exhaust. See Woodford v. Ngo, 548 U.S. 81, 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

---

[2]This Court makes no ruling at this time on whether the plaintiff has actually successfully exhausted his administrative remedies as to the claims he makes in this case.

5

## IV. Conclusion

In accordance with the foregoing, and after a de novo review, the pending report and recommendation of the magistrate judge (ECF No. 12) is AFFIRMED and ADOPTED. The plaintiff's motion for further proceedings (ECF No. 15) is DENIED. This civil action is thus DISMISSED WITHOUT PREJUDICE. Accordingly, the plaintiff's motion for leave to proceed in forma pauperis (ECF No. 10) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

DATED:   December 16, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE